# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DENNY WILLIAM EDLIN,<br><br>                    Defendant. | Criminal Case No. 05CR836-MMA<br><br>*Related Civil Case No.* 13cv1480-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 28] |

On June 19, 2006, pursuant to the terms of a written plea agreement containing a waiver of his right to appeal his conviction and sentence, Defendant Denny William Edlin pleaded guilty to Counts 9-15 of a nineteen count Indictment for receiving child pornography in violation of Title 18 of the United States Code, section 2252(a)(2). *See Plea Agreement*, Doc. No. 13. The Court sentenced Defendant on November 6, 2006, to a total term of 137 months imprisonment, to run consecutive to a state court sentence. *See Judgment*, Doc. No. 24. The Court also sentenced Defendant to a term of supervised release for 3 years on Count 9, and 2 years on Counts 10-15 as to each count, to run consecutive for a total of 15 years. *Id*. Defendant now moves the Court to vacate, set aside, or otherwise correct his sentence pursuant to Title 28, section 2255, arguing that the Court erred by imposing consecutive terms of supervised release. Defendant requests re-sentencing and

further moves for a reduced sentence based on his post-conviction rehabilitation. *See Motion*, Doc. No. 28. The government filed a response to Defendant's motion. *See Response*, Doc. No. 29. For the reasons set forth below, the Court **DENIES** the motion.

## DISCUSSION

### 1. 2255 Statute of Limitations

Defendant seeks to correct and reduce his sentence pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*See* 28 U.S.C. § 2255(a). However, a one-year period of limitations applies to 2255 motions. *Id.* § 2255(f). As applicable here, the one-year limitations period runs from the date on which the judgment of conviction becomes final. *Id.* The government correctly asserts, and Defendant does not dispute, that the instant 2255 motion was filed long after his conviction became final and the one-year statute of limitations expired. Nor does Defendant contend that he is entitled to equitable tolling. His motion is therefore time-barred.[1]

### 2. Plea Agreement Waiver

Even if Defendant's motion was timely, he waived the right to collaterally attack his conviction and sentence. The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit

---

[1] The Court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous," or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, because Defendant's motion is untimely, he is "not entitled to relief" and an evidentiary hearing is neither warranted nor required.

of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). The pertinent portion of the plea agreement provides:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

*See Plea Agreement*, 10. Defendant's custodial sentence of 137 months complies with these conditions, and he does not challenge the knowing and voluntary nature of the plea agreement or the voluntariness of his waiver.[2]

### 3. Procedural Default

Defendant did not challenge his sentence on direct appeal. Generally, on collateral review, an individual may not assert claims of constitutional error that were not previously raised before the district court or on direct review. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1997). To obtain review of issues at this juncture that could have been raised on direct appeal, Defendant must show cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United State v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985).

Defendant has made no such showing nor could he establish that he suffered actual prejudice as a result of the alleged error. The plea agreement stated that the Guidelines range for supervised release was a maximum of 3 years. *See Plea Agreement*, 4. As accurately reflected by the corrected Pre-Sentence Report, submitted to the parties and the Court prior to sentencing, the applicable statute at

---

[2] The Court calculated a Total Offense Level of 25, and a Criminal History Category of VI, resulting in a Guideline range of 110-137 months.

the time of Defendant's offense provided for a lifetime term of supervised release as the statutory maximum for crimes involving possession of child pornography.[3] *See United States v. Cope*, 527 F.3d 944, 948 (9th Cir. Cal. 2008), citing 18 U.S.C. § 3583(k) (2003). Furthermore, the Guidelines contained a policy statement recommending the statutory maximum term of supervised release for sex offense convictions. U.S.S.G. § 5D1.2(c) (Nov. 2002). And in fact, United States Probation recommended a 15 year term of supervised release as to each count, to run concurrently. Thus, although the imposition of consecutive terms of supervised release violated 18 U.S.C. § 3624(e), the Court was authorized by statute to impose a term for each count of life. The total 15 year term imposed in this case was recommended by Probation, amply supported by the record, and was less than the maximum term authorized by statute and recommended by the policy guidelines. Despite the Court's error in structuring his sentence, Defendant did not suffer any prejudice as a result.

### *4. Amendment of the Judgment*

The government concedes and the Court agrees that it was error to sentence Defendant to consecutive terms of supervised release pursuant to 18 U.S.C. § 3624(e), which provides, in short, that multiple terms of supervised release must run concurrently. The government suggests that the Court should "amend the judgment"

---

[3] The corrected PSR stated:

Supervised Release

(As to each count)

Statutory Provisions: A term of supervised release of any term of years or life is authorized. 18 U.S.C. § 3583(k).

Guideline Provisions: If a sentence of imprisonment of one year or less is imposed, a term of supervised release of at least three years and up to life is optional. USSG §§ 5D1.1(b), 5Dl.2(a)(J) and 5D1.2(b)(2).

If a sentence of imprisonment is imposed which exceeds one year, the court is required to impose a term of supervised release of at least three years and up to life. USSG §§ 5D1.1(a), 5D1.2(a)(1) and 5DJ.2(b)(2).

to correct this error.  *See Response*, 4.  However, the government offers no legal basis for amending the judgment in this case, and there is none.

This Court may only amend or correct a judgment pursuant to 18 U.S.C. § 3582(c) or Federal Rules of Criminal Procedure 35 or 36, none of which are applicable in this case.  Section 3582(c) does not apply because there is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission.  Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Even if the Court were to construe Defendant's motion as one brought pursuant to Rule 35, the motion was filed beyond the fourteen-day period set out in Rule 35(a) and there is no allegation of arithmetical, technical, or other clear error.  Rule 35(b) provides for a reduction of sentence upon motion of the government.  Here, there is no motion for reduction of Defendant's sentence for substantial assistance.  Finally, Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  There is no such error here.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to vacate, reduce, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255.  The Court **DECLINES** to issue a Certificate of Appealability and **DENIES** leave to proceed *in forma pauperis* on appeal because Defendant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**IT IS SO ORDERED**.

DATED: July 10, 2013

Hon. Michael M. Anello
United States District Judge